UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIANNA ROBINSON,<br>Plaintiff<br>v.<br>RYOKO RAIN, INC.,<br>LOVE, RYKO RAIN, INC.<br>and<br>GARRETT JAMES,<br>Defendants. | Civil Action |

**COMPLAINT**
**AND DEMAND FOR TRIAL BY JURY**

Introduction

This is an Action for copyright infringement seeking damages and injunctive relief under the Copyright Act of the United States, 17 U.S.C. §§ 101 *et seq*., and the Digital Millenium Copyright Act, 17 U.S.C. §§ 1202 and 1203 (the "DMCA").

Plaintiff, BRIANNA ROBINSON is the author and copyright claimant of a photograph of Boston Celtics star basketball player, Jayson Tatum. Plaintiff alleges that either Defendant, RYOKO RAIN, INC., or Defendant, LOVE, RYOKO RAIN INC. or both of said Defendants, copied, reproduced, used and distributed Robinson's photograph of Jayson Tatum for advertising

and publicity purposes without Plaintiff's permission or authority in violation of the Copyright Act.

Plaintiff is also seeking damages from either Defendant, RYOKO RAIN, INC., Defendant, LOVE, RYOKO RAIN INC. or both of said Defendants for intentionally removing Plaintiff's copyright management information (CMI) from the Photograph and distributing it knowing that the CMI was removed in violation of the DMCA.

Additionally, Plaintiff alleges that GARRETT JAMES as principal of either or both RYOKO RAIN, INC. and LOVE, RYOKO RAIN INC. had the right and ability to supervise the infringing activities of one or both of said corporations and he had an obvious and direct financial interest in the exploitation of the copyrighted materials. Therefore, GARRETT JAMES is vicariously and/or contributorily liable both for the infringement of the Photograph and for the removal of the CMI from the image in violation of the DMCA.

<u>The Parties</u>

1. Plaintiff, BRIANNA ROBINSON, (hereinafter, "Robinson" or "Plaintiff") is a professional photographer who resides at 49 Torrey Street, Dorchester, Suffolk County, Massachusetts 02124.

2. Defendant, RYOKO RAIN, INC. (hereinafter, "Ryoko Rain") is a California corporation duly organized by law with a principal place of business at 16520 Harbor Blvd., Unit D, Fountain Valley, California 92708. Ryoko Rain is a company that produces, manufactures, distributes and/or sells so-called Japanese-inspired clothing to a primarily American market. Ryoko Rain regularly advertises, sells and ships its products throughout the United States including to citizens in the Commonwealth of Massachusetts.

3. Defendant, LOVE, RYOKO RAIN, INC. (hereinafter, "Love Ryoko Rain") is a Delaware corporation duly organized by law with a principal place of business at 16520 Harbor Blvd., Unit D, Fountain Valley, California 92708. Love Ryoko Rain is a company that produces, manufactures, distributes and/or sells so-called Japanese-inspired clothing to a primarily American market. Love Ryoko Rain regularly advertises, sells and ships its products throughout the United States including to citizens in the Commonwealth of Massachusetts.

4. Defendant, GARRETT JAMES (hereinafter "James") is an individual who resides in the State of California, and works at 16520 Harbor Blvd., Unit D, Fountain Valley, California 92708. At all times material hereto, James had the right and ability to supervise the activities of either or both Ryoko Rain and Love Ryoko Rain, and he had a direct financial interest in either or both of said corporations.

## Jurisdiction and Venue

5. Jurisdiction for this Action is conferred on this Court pursuant to 28 U.S.C. § 1338(a) and proper venue exists under 28 U.S.C. § 1400(a). This court has jurisdiction over the Defendants for transacting business within the Commonwealth of Massachusetts under the provisions of Mass. Gen. Laws. c. 223A.

## Introductory Facts

6. Robinson is the author and copyright claimant of a photograph taken on or about January 30, 2026, of Boston Celtics star basketball player, Jayson Tatum (hereinafter, the "Photograph"). A copy of the Photograph is attached hereto as "Exhibit A" and is incorporated herein by reference.

7. The metadata for the Photograph contains copyright management information

("CMI") in the name of Plaintiff as follows: "© 2026 Brianna Robinson." See "Exhibit B" attached hereto and incorporated herein by reference.

8. The Photograph was registered with the U.S. Copyright Office under the title, "Jason [sic] Tatum wearing jacket standing on court." The registration was given Registration Number VAu 1-582-586, with an effective date of April 15, 2026. A copy of the copyright Certificate of Registration is attached hereto as "Exhibit C" and is incorporated herein by reference.

**COUNT I**
(Copyright infringement claim against RYOKO RAIN)

9. Plaintiff Robinson re-alleges and incorporates paragraphs 1 through 8 above as if all paragraphs were restated herein in their entirety.

10. Upon information and belief, Ryoko Rain and/or its agents, servants or employees copied the Photograph without Plaintiff's permission or authority and distributed and displayed the Photograph for advertising and publicity purposes on one or more of Ryoko Rain's websites and/or social media sites. A copy of one of the uses of the Photograph by Ryoko Rain is attached hereto as "Exhibit D" and is incorporated herein by reference.

11. Ryoko Rain or its agents, servants or employees infringed Robinson's copyright in and to the Photograph by scanning, copying, reproducing, distributing, publishing and/or otherwise using the Photograph for commercial purposes without the permission or authority of Robinson in violation of Plaintiff's exclusive rights under the Copyright Act, 17 U.S.C. §§ 101 *et seq*.

12. Upon information and belief, Ryoko Rain benefited from the unauthorized use and infringement of the Photograph, while Plaintiff has suffered and will continue to suffer

monetary damages, and irreparable injury to her business, reputation, and goodwill in the marketplace.

13. As a result of the actions of Ryoko Rain and/or its agents, servants or employees, Plaintiff demands injunctive relief, plus her actual damages and any profits earned by Ryoko Rain that are attributable to the infringement. In lieu of actual damages and any profits earned by Ryoko Rain, Plaintiff reserves her right to elect to recover statutory damages in an amount up to $30,000. However, if this court finds that Ryoko Rain committed the infringement willfully, Robinson is seeking statutory damages of up to $150,000. In either event, Robinson is seeking her costs and attorney's fees under 17 U.S.C. § 505 as part of her damages.

## COUNT II

(Copyright infringement claim against LOVE RYOKO RAIN)

14. Plaintiff Robinson re-alleges and incorporates paragraphs 1 through 8 above as if all paragraphs were restated herein in their entirety.

15. Upon information and belief, Love Ryoko Rain and/or its agents, servants or employees copied the Photograph without Plaintiff's permission or authority and distributed and displayed the Photograph for advertising and publicity purposes on one or more of Love Ryoko Rain's websites and/or social media sites. A copy of one of the uses of the Photograph by Love Ryoko Rain is attached hereto as "Exhibit D" and is incorporated herein by reference.

16. Love Ryoko Rain or its agents, servants or employees infringed Robinson's copyright in and to the Photograph by scanning, copying, reproducing, distributing, publishing and/or otherwise using the Photograph for commercial purposes without the permission or authority of Robinson in violation of Plaintiff's exclusive rights under the Copyright Act, 17 U.S.C. §§ 101 *et seq*.

17. Upon information and belief, Love Ryoko Rain benefited from the unauthorized use and infringement of the Photograph, while Plaintiff has suffered and will continue to suffer monetary damages, and irreparable injury to her business, reputation, and goodwill in the marketplace.

18. As a result of the actions of Love Ryoko Rain and/or its agents, servants or employees, Plaintiff demands injunctive relief, plus her actual damages and any profits earned by Love Ryoko Rain that are attributable to the infringement. In lieu of actual damages and any profits earned by Love Ryoko Rain, Plaintiff reserves her right to elect to recover statutory damages in an amount up to $30,000. However, if this court finds that Love Ryoko Rain committed the infringement willfully, Robinson is seeking statutory damages of up to $150,000. In either event, Robinson is seeking her costs and attorney's fees under 17 U.S.C. § 505 as part of her damages.

**COUNT III**

(Violation by RYOKO RAIN of the Digital Millenium Copyright Act ("DMCA") for removing Copyright Management Information ("CMI") from the Photograph

19. Plaintiff re-alleges and incorporates paragraphs 1 through 8 above as if all paragraphs were restated herein in their entirety.

20. Upon information and belief, Ryoko Rain, its agents, servants, employees or representatives intentionally removed Plaintiff's Copyright Management Information ("CMI") from the Photograph and distributed the Photograph on one or more of Ryoko Rain's websites or social media sites knowing that the CMI was removed. Such actions were done without Plaintiff's authority in violation of Section 1202 of the Digital Millennium Copyright Act, (the "DMCA").

21. Upon information and belief, Ryoko Rain benefitted from the unauthorized use and infringement of the Photograph, while Plaintiff has suffered and will continue to suffer monetary damages, irreparable injury to her business, reputation, and goodwill in the marketplace. As a result thereof, Plaintiff is entitled to injunctive relief, actual and profit damages, and in lieu thereof, statutory damages in a sum not less than $2,500, nor more than $25,000, plus costs and attorney's fees and such other relief as is set forth in Section 1203 of the DMCA.

**COUNT IV**
(Violation by LOVE RYOKO RAIN of the Digital Millenium Copyright Act ("DMCA") for removing Copyright Management Information ("CMI") from the Photograph

22. Plaintiff re-alleges and incorporates paragraphs 1 through 8 and 14 through 18 above as if all paragraphs were restated herein in their entirety.

23. Upon information and belief, Love Ryoko Rain, its agents, servants, employees or representatives intentionally removed Plaintiff's Copyright Management Information ("CMI") from the Photograph and distributed the Photograph on one or more of Love Ryoko Rain's websites or social media sites knowing that the CMI was removed. Such actions were done without Plaintiff's authority in violation of Section 1202 of the Digital Millennium Copyright Act, (the "DMCA").

24. Upon information and belief, Love Ryoko Rain has benefitted from the unauthorized use and infringement of the Photograph, while Plaintiff has suffered and will continue to suffer monetary damages, irreparable injury to her business, reputation, and goodwill in the marketplace. As a result thereof, Plaintiff demands injunctive relief, actual and profit damages, and in lieu thereof, statutory damages in a sum not less than $2,500, nor more than

$25,000, plus costs and attorney's fees and such other relief as is set forth in Section 1203 of the DMCA.

**COUNT V**
(Vicarious and/or Contributory Liability against JAMES for Copyright Infringement and for Violation of the DMCA by RYOKO RAIN)

25. Robinson re-alleges and incorporates paragraphs 1 through 24 above as if said paragraphs were restated herein in their entirety.

26. At all times material hereto, James was the person in charge of Ryoko Rain's business and its activities. James had the right and ability to supervise the activities of the corporation and those of its agents, servants and employees. James also had a direct financial interest in the business of Ryoko Rain.

27. As a result, James is either contributorily and/or vicariously liable to Plaintiff for infringing the copyright to her Photograph in violation of Plaintiff's exclusive rights under the Copyright Act, 17 U.S.C. §§ 101 *et seq*., by scanning, copying, reproducing, distributing, publishing and/or otherwise using the Photograph without the permission or authority of Robinson on one or more of Ryoko Rain's websites and/or social media sites. A copy of one of the uses made of said Photograph is attached hereto as "Exhibit D" and is incorporated herein by reference.

28. Upon information and belief, James benefitted from the unauthorized use and infringement of the Photograph, while Plaintiff has suffered and will continue to suffer monetary damages, irreparable injury to her business, reputation, and goodwill in the marketplace.

29. As a result of the actions of James, Plaintiff is entitled to injunctive relief, plus her actual damages and any profits earned by James that are attributable to the infringement. Notwithstanding, Robinson reserves her right to elect an award of actual damages and any profits

earned by James that are attributable to the infringement, or alternatively, may elect for the court to issue an award of statutory damages in an amount up to $30,000. However, if this court finds that James contributed to the infringement willfully, Robinson may seek an award of statutory damages in a sum up to $150,000. In either event, Robinson is seeking her attorney's fees and costs under 17 U.S.C. § 505 as part of the damages, plus interest.

**COUNT VI**
(Vicarious and/or Contributory Liability against JAMES for Violation of the DMCA by LOVE RYOKO RAIN)

30. Robinson re-alleges and incorporates paragraphs 1 through 24 above as if said paragraphs were restated herein in their entirety.

31. At all times material hereto, James was the person in charge of Love Ryoko Rain's business and its activities, including the right and ability to supervise the activities of the corporation and those of its agents, servants and employees. James also had a direct financial interest in the business of Love Ryoko Rain.

32. As a result, James is either contributorily and/or vicariously liable to Plaintiff for infringing the copyright to her Photograph in violation of Plaintiff's exclusive rights under the Copyright Act, 17 U.S.C. §§ 101 *et seq*., by scanning, copying, reproducing, distributing, publishing and/or otherwise using the Photograph without the permission or authority of Robinson on one or more of Love Ryoko Rain's websites and/or social media sites. A copy of one of the uses made of said Photograph is attached hereto as "Exhibit D" and is incorporated herein by reference.

33. Upon information and belief, James benefited from the unauthorized use and infringement of the Photograph, while Plaintiff has suffered and will continue to suffer monetary damages, irreparable injury to her business, reputation, and goodwill in the marketplace.

34. As a result of the actions of James, Plaintiff demands injunctive relief, plus her actual damages and any profits earned by James that are attributable to the infringement. Notwithstanding, Robinson reserves her right to elect an award of actual damages and any profits earned by James that are attributable to the infringement, or alternatively, may elect for the court to issue an award of statutory damages in an amount up to $30,000. However, if this court finds that James contributed to the infringement willfully, Robinson may seek an award of statutory damages in a sum up to $150,000. In either event, Robinson is seeking her attorney's fees and costs under 17 U.S.C. § 505 as part of the damages, plus interest.

Causation / Damages and Relief Requested

35. As a result of the conduct of one or more of the Defendants, or their agents, servants, employees or representatives, Plaintiff has sustained actual damages in an amount to be determined by this court. Such actual damages include but are not limited to the dilution of the market value of the Photograph, lost profits and/or lost licensing revenue, and disgorgement of the Defendants' profits attributable to the unauthorized use and infringement of the Photograph. In lieu of Plaintiff's actual damages and the Defendants' profits, Plaintiff is seeking statutory damages under 17 U.S.C. § 504(c), in an amount up to $150,000, plus her costs and attorney's fees under Section 505, for tracking-down and documenting the infringements, tracking-down and contacting the Defendants in an attempt to try to amicably resolve the matter, and for subsequently drafting, filing and serving this complaint and related documents, and in litigating this Action.

36. As a result of the conduct of one or more of the Defendants and their agents, servants, employees or representatives in removing Plaintiff's CMI from the Photograph and by scanning, copying, reproducing, distributing, and/or publishing the Photograph on one or more of

Defendants' websites in violation of Section 1202 of the Copyright Act, Plaintiff has sustained actual damages in an amount to be determined by this court. Such actual damages include but are not limited to the dilution in the market value of the Photograph, lost profits and/or lost licensing revenue, and disgorgement of the infringers' profits attributable to the unauthorized use and infringement of the Photograph. In lieu of Plaintiff's actual damages and Defendants' profits, Plaintiff is seeking statutory damages under 17 U.S.C. § 1203(c)(3)(B), in a sum not less than $2,500, or more than $25,000, plus her costs and attorney's fees.

WHEREFORE, Plaintiff, BRIANNA ROBINSON demands judgment against Defendants, RYOKO RAIN, INC., LOVE RYOKO RAIN, INC. and GARRETT JAMES, jointly and severally as follows:

a) That said Defendants be required to deliver up for impoundment the originals and all copies of the Photograph in all forms whatsoever, which are in their possession or under their control, including all printed copies and all copies in magnetic, electronic and digital format, as well as all copies posted or displayed on any of Ryoko Rain's and/or Love Ryoko Rain's websites and social media pages, and that Defendants be permanently enjoined from using the Photograph in the future in any way whatsoever;

b) That Defendants provide an accounting of all gains, profits and advantages derived by Defendants as a result of the willful and unlawful acts of copyright infringement;

c) That Defendants be ordered to pay to Plaintiff her actual damages sustained, in addition to all of its profits and gains attributable to the infringements, and which are not taken into account in computing Plaintiff's actual damages incurred as a result of Defendant's copyright infringements described herein, pursuant to 17 U.S.C. § 504(b);

d) In the alternative, and at Plaintiff's election before final judgment is rendered, that Defendants be ordered to pay maximum statutory damages in the amount of $150,000 for the Photograph infringed pursuant to 17 U.S.C. § 504(c), or such other amount as the court or jury may deem just and appropriate;

e) That Defendants provide an accounting of all gains, profits and advantages derived by Defendants as a result of the removal and distribution of the Photograph without Plaintiff's CMI;

f) That Defendants be ordered to pay over to Plaintiff her actual damages, in addition to all of its profits and gains attributable to the removal of Plaintiff's CMI from the Photograph, and which are not taken into account in computing Plaintiff's actual damages incurred as a result of Defendants' activities as described herein, pursuant to 17 U.S.C. § 1203(c)(3)(B);

g) In the alternative, and at Plaintiff's election before final judgment is rendered, that Defendants be ordered to pay damages of no less than $2,500, nor more than $25,000 for removing and/or distributing the Photograph without Plaintiff's CMI, or such other amount as the court or jury may deem appropriate;

h) That Defendants be ordered to pay to Plaintiff her costs including reasonable attorney's fees; and

i) That Plaintiff recover judgment for such other and further relief as this court deems just and proper, including maximum pre and post judgment interest on all sums due.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES.**

Brianna Robinson,
By her attorney,

*/s/ Andrew D. Epstein*

Date: August 21, 2026

Andrew D. Epstein (BBO# 155140)
99 Rockland Street
Swampscott MA 01907
Direct Tel: (617) 272-5700
Email: photolaw@aol.com